## Case No. 13,806.

### TAYLOR v. SMITH et al.

[3 Cranch, C. C. 241.] [1]

Circuit Court, District of Columbia. Dec. 1827.

SHIPPING—MASTER—COPARTNER—ACTION AGAINST COPARTNERS.

One partner in a steamboat company, who acted as master and engineer, cannot maintain an action at law against his copartners, for compensation as engineer.

Indebitatus assumpsit, for compensation as engineer of the steamboat Surprize, the plaintiff [Robert Taylor] having been employed and paid as master.

It appeared in evidence, that he himself was one of the owners of the boat, and a member of the company; so that he was defendant as well as plaintiff.

Mr. Jones, for the defendants, contended that it was a partnership, and that the plaintiff could not sue his copartners at law.

Mr. J. Dunlop, contrà, contended that partowners are not copartners, and cited the case of Magruder v. Bowie [Case No. 8,964], in this court, at May term, 1825, which was an action at law, by an owner of one fourth of the ship Alleghany, for his share of the freight, against the ship's husbands, who had received the whole, and who were also partowners, in which the court said that the interests of part-owners were separate and not joint, and that one might maintain an action, for his share of the freight, against others who had received the whole.

THE COURT, however, in the present case, inclined to think that the plaintiff must be considered as a partner; and that as his claim was for services on board the boat, he, being himself a copartner, would have to bear his proportion of the value of those services, and the defendants had a right to have the whole partnership concerns settled, and the plaintiff's share ascertained before they could be compelled to pay him any thing.

The plaintiff became nonsuit, with leave to

move to reinstate the cause. A motion was made accordingly, which was overruled, June 5th, 1838.

TAYLOR (SNOW v.). See Case No. 13,148.

TAYLOR (SPERRING v.). See Case No. 13,-235.

TAYLOR (STARR v.). See Case No. 13,319.

TAYLOR (STEELMAN v.). See Case No. 13,-349.